Ralph L. DAVIS, Plaintiff–Appellant,

v.

Erik R. BURKS, individually and as a police officer of the City of Long Beach; William C. Ellis, individually and as Chief of Police, Long Beach Police Department; City of Long Beach, a municipality, Defendants–Appellees.

No. 99–55809.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2000.

Decided Feb. 7, 2001.

---

Before CANBY, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM *

Following a tragic series of events, Jody Davis was fatally shot by Long Beach City off-duty police officer Erik Burks. Davis' next-of-kin brought this Fourth Amendment excessive force case against Defendants under 42 U.S.C. § 1983. After a six-day trial, where the events leading up to the shooting were thoroughly considered, the jury returned a special verdict finding that, under the circumstances, the force used by Burks was reasonable. The court then entered judgment in favor of Defendants. The district court in a detailed memorandum order denied Plaintiffs' post-trial motions to amend the judgment under Fed.R.Civ.P. 59(e) or for a new trial under Fed.R.Civ.P. 59(a).

In this appeal, Plaintiffs contend that there was insufficient evidence to support the jury's verdict, that the district court abused its discretion in denying their mo-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tions to amend the judgment or grant a new trial, and that the district court committed reversible error in several of its evidentiary rulings. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Because Plaintiffs did not move for judgment as a matter of law at the close of evidence under Fed.R.Civ.P. 50(a), their challenge to the sufficiency of the evidence is reviewed under the plain error standard. *See Image Technical Services, Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1203 (9th Cir.1997). We reverse for plain error only if "there is an absolute absence of evidence to support the jury's verdict." *Id.* at 1212. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2536 (2d ed.1995) (courts of appeal "may consider the insufficiency of the evidence, despite the failure to move for judgment as a matter of law, if it constitutes plain error apparent on the face of the record that, if not noticed, would result in a manifest miscarriage of justice.").

■ With the testimony of Defendant Burks, the testimony of other eyewitnesses, and other circumstantial evidence, we find ample evidence to support the jury's verdict. In this appeal Plaintiffs resolutely insist, as they did at trial, that the evidence presented on Burks' behalf is not believable. The credibility of witnesses, however, is an issue for the jury and is generally not subject to appellate review. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir.2000). The jury, having observed the witnesses and considered their credibility, plainly credited Burks' version of events in important respects. With the relaxed standard of review, and our own review of the record, we cannot say that there is an absolute absence of evidence to support the jury's verdict. The district court did not commit plain error in entering judgment for Defendants.

■ We review the district court's order denying Plaintiffs' post-trial motions for abuse of discretion. *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir.2000) (motion for new trial), *cert. denied*, 531 U.S. 876, 121 S.Ct. 183, 148 L.Ed.2d 126 (2000); *Pasatiempo v. Aizawa*, 103 F.3d 796, 801 (9th Cir.1996) (motion to amend judgment). Given the evidence in Burks' favor, as well as inconsistencies in plaintiffs' own case, the district court acted well within its discretion in concluding that the weight of the evidence did not require entry of judgment in plaintiffs' favor under Rule 59(e) or a new trial under Rule 59(a).

■ Finally, we review the district court's evidentiary rulings for abuse of discretion. *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927 (9th Cir.2000). Reversal is not warranted unless prejudice is shown. *Id.* at 928. Plaintiffs challenge two evidentiary rulings: the district court's ruling excluding a report of the Long Beach Police Department Death Review Board as hearsay; and the district court's denial of Plaintiffs' request to recall a videographer to play portions of Burks' videotaped deposition the day after Burks had been excused from the stand. The district court did not abuse its discretion in excluding the Death Review Board report or in denying Plaintiffs' belated request to play portions of Burks' deposition to the jury.

AFFIRMED.